IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RYON O'NEAL JOSEPH, : <br> : <br> Plaintiff : <br> : <br> VS. : <br> : <br> G. F. PETERMAN, III; : <br> HARRY J. FOX, : <br> : <br> Defendants : | CIVIL ACTION NO.: 5:10-CV-11 (CAR) |

### ORDER

Plaintiff **RYON O'NEAL JOSEPH**, an inmate at the Federal Correctional Institution in Miami, Florida, has filed a "Commercial Notice of Amended Complaint Bill in Equity."

### *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated January 20, 2010, the Court granted plaintiff's application to proceed *in forma pauperis* but ordered that he pay an initial partial filing fee. Plaintiff has paid the initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

### *II. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See*

*also* 28 U.S.C. § 1915(e)(2).  A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

### *III.  STATEMENT AND ANALYSIS OF CLAIMS*

This "Commercial Notice of Amended Complaint Bill in Equity" is just the latest in a long line of frivolous filings by plaintiff in which he complains about his 1994 conviction in this Court for various charges arising out of a bank robbery.  *See USA v Joseph*, 5:93-CR-22 (HL).

Plaintiff maintains that he is a "for profit and gain corporation fiction doing business in" Georgia and that his name is somehow copyrighted.  He states that on March 12, 1993, he was "taken away by force in the Republic of Georgia . . . handcuffed, photographed, [and] fingerprinted, . . . without a warrant." (Pl's Compl. p. 3).  Plaintiff alleges that he was found guilty on October 20, 1993 and sentenced to 270 months imprisonment on March 8, 1994.

Plaintiff makes the following nonsensical allegation:

> [O]n October 25, 2009, in order to preserve the private record, Plaintiff initiated a Private Administrative Process/Remedy (Notarial Protest) Acceptance for Value Contract No. # CR-93-22-MAC (DF), via Certificate of Mailing and Presentment (U.S.P.S. Certified Mail, withnessed (sic) by and through Marie Dadaille, dba: NOTARY Public (a non-party to the Private International Commercial Administrative Process) and this instant proceeding.  These documents were forwarded in good faith and clean hands to G. F. Peterman III, dba: U.S. Attorney and Harry J. Fox Jr., dba: AUSA and others.

(Pl's. Compl., p. 4).

According to plaintiff, this "presentment requested settlement and closure of case/account No. # CR 93-22-MAC (DF) and/or remedy." (Pl's Compl., p. 4).  Plaintiff seems to state that defendants had ten days to respond, but "elect[ed] to remain silent" and he, in turn, sent a "NOTICE OF FAULT AND OPPORTUNITY TO CURE AND CONTEST ACCEPTANCE" along with a "NOTICE OF DISHONOR FORMAL CERTIFICATE OF PROTEST AND NON-RESPONSE." (Pl's Compl. p. 5).

Plaintiff states that defendants (or perhaps the Court) failed to file various tax forms that "should have been filed in regards to the initiation of the commercial transaction of case/account No. # CR 93-22-MAC." (Pl's Compl., p. 6). According to plaintiff, his "administrative remedy is ripe for judicial review"; "there are no facts in controversy"; he is "entitled to relief in this equitable claim"; and "defendants have waived all defenses." (Pl's Compl. p. 6).

Plaintiff requests various relief; none of which make any sense to the Court. He wants "judicial review of his administrative process"; "execution on the law of the contract"; summary judgment on his administrative remedy"; "the court to act in the person of a data integrity board"; "that the record for Case No. # CR 93-22-MAC (DF) be amended to reflect the proper accounting to maintain the integrity of the data used in the national matching program"; and finally the "release [of] any and all JUDGMENTS, DETAINERS, ENCUMBRANCES, LIENS, AND LEVIES against" plaintiff. (Pl's Compl., p. 7).

After a thorough review of plaintiff's complaint and the many other documents he has filed in this action, the Court finds that plaintiff's action must be dismissed. This Court realizes that *pro se* pleadings are held to a less strict standard than pleadings filed by a lawyer and, therefore, must be liberally construed. **Alba v. Montford**, 517 F.3d 1249, 1252 (11th Cir. 2008). With this in mind, the Court has attempted to interpret and make sense of plaintiff's various pleadings and determine his cause of action. However, even utilizing a liberal construction, the Court finds that plaintiff's allegations are absolutely absurd and simply make no sense whatsoever.

First, it appears that the Court does not have jurisdiction over this matter. The United States District Court is not a court of general jurisdiction. Rather, this Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The Court is unaware of any constitutional provision or federal law that would provide the basis for plaintiff's complaint and plaintiff's pleadings do not shed any light on this matter. Therefore, the Court finds there is no federal-question jurisdiction in this case under § 1331.

The only other basis for federal jurisdiction is under 28 U.S.C. § 1332, which confers

diversity jurisdiction upon a federal district court in civil actions where the matter in controversy exceeds the sum of $75,000 and the plaintiff and defendant are citizens of different states. However, there must exist a complete diversity of citizenship between plaintiff and defendants. ***Wisconsin Dept. of Corr. v. Schacht***, 524 U.S. 381, 388 (1998) (citations omitted).  In this case, plaintiff and defendants are all residents of Georgia.  Prior to his current incarceration in Florida, plaintiff resided in Georgia.  "A [federal] prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration." ***Polakoff v. Henderson***, 370 F. Supp. 690, 692 (N. D. Ga. 1973), ***aff'd***, 488 F.2d 977 (5th Cir. 1974).[1]  As plaintiff and defendants reside in Georgia, there is no diversity and no grounds for federal jurisdiction under 28 U.S.C. § 1332.

Second, to any extent that plaintiff seeks to have his 1994 conviction overturned or, in his words, have the judgment "release[d]," he would need to file a writ of habeas corpus.  However, a review of the record at ***USA v. Joseph***, 5:93-CR-22 (HL) shows that plaintiff has already filed at least three such habeas corpus actions.  Prior to filing another, he would need to petition the United States Court of Appeals for the Eleventh Circuit for authority to file such petition.  Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); ***see also Guenther v. Holt***, 173 F.3d 1328, 1330 (11th Cir. 1999), ***cert. denied***, 528 U.S. 1085 (2000).

Finally, "allegations concerning the filing of certain UCC financing statements perfecting his alleged interest in the name [Ryon ONeal Joseph] most likely amount to some type of fraud and do not state a claim for relief under" ***Bivens v. Six Unknown Name Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1970). ***Gibson v. Crist***, No. 3:07-CV-274/MCR/EMT, 2007 U.S. Dist.

---

[1] In ***Bonner v. City of Pritchard***, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

LEXIS 56997 at *3 (N. D. Fla. August 6, 2007).  In fact, "[t]he abusive practice of prisoners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with security the prisoner's incarceration) is well documented." *Id.* (citations omitted).  While the Court does not speculate that plaintiff is attempting to engage in such fraudulent activity, the Court does want plaintiff to be aware that he could be subject to civil damages and penalties if he were to engage in such fraudulent UCC filings.  *See United States v. Orrego*, No. 04-CV-0008-SJ, 2004 U.S. Dist. LEXIS 12252 at *2 (E.D.N.Y. June 22, 2004).

For these reasons, plaintiff's action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 2nd day of March, 2010.


S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

lnb